UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREGORY TRIPLETT, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:14-CV-02049-AGF |
| JANSSEN PHARMACEUTICALS, INC., et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This action is before the Court on Plaintiffs' motion to remand this case to the state court from which it was removed, due to lack of subject matter jurisdiction. Plaintiffs, 44 individuals from 21 states, assert state law products liability claims against Defendants Janssen Pharmaceuticals, Inc., Janssen, L.P., Johnson & Johnson Company, and Janssen Research and Development, LLC.  For the reasons set forth below, the motion to remand shall be granted.

## BACKGROUND

On November 3, 2014, Plaintiffs filed this action in the Circuit Court of the City of St. Louis, Missouri, alleging thirteen state law causes of action arising out of Defendants' manufacture and sale of the antipsychotic drug risperidone ("Risperdal").

On December 12, 2014, Defendants removed the action to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332(a).  However, it is undisputed that three

Plaintiffs and three Defendants share Pennsylvania citizenship.  Likewise, four Plaintiffs and two Defendants share New Jersey citizenship.  (Doc. No. 1 at 6-7.)

Although complete diversity does not appear on the face of the petition, Defendants argue that the Court may maintain the action because the Pennsylvania and New Jersey Plaintiffs' claims against the Pennsylvania and New Jersey Defendants (1) fail for lack of personal jurisdiction, and (2) for the same reasons, were fraudulently joined in this action.  Defendants contend that despite Plaintiffs' motion to remand, Supreme Court precedent, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999), allows the Court to decide the question of personal jurisdiction before the question of subject matter jurisdiction.  In the alternative, Defendants assert that even if the Court decides subject matter jurisdiction before personal jurisdiction, removal is still proper because the non-diverse Plaintiffs have been fraudulently joined in that "there can be no recovery on their behalf under Missouri law."  (Doc. No. 1 at 3.)

Plaintiffs move to remand the case to state court on the ground that *Ruhrgas* allows the Court to decide personal jurisdiction first only if the "threshold issue is simple when compared with the issue of subject-matter jurisdiction."  (Doc No. 13 at 14.)  Plaintiffs argue that subject matter jurisdiction is relatively straightforward compared to the more fact-intensive issue of personal jurisdiction in this case.  Moreover, Plaintiffs argue that, although Defendants appear to conflate the theories of fraudulent joinder and fraudulent misjoinder, Defendants have not established that either doctrine prevents remand in this case.

## **DISCUSSION**

"A federal court may not proceed in a case unless it has subject matter jurisdiction." *Morgan v. Janssen Pharms., Inc.*, No 4:14-CV-1346 CAS, 2014 WL 6678959, at *2 (E.D. Mo. Nov. 25, 2014) (citation omitted). Pursuant to 28 U.S.C. § 1332(a)(1), a federal court has subject matter jurisdiction over a civil case when the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). And under 28 U.S.C. § 1441, any civil case initially filed in state court may be removed to federal court on the same diversity grounds so long as no properly joined and served defendant is a citizen of the forum state. 28 U.S.C. § 1441(a)-(b).

"The diversity jurisdiction statute has also been interpreted to require complete diversity." *Morgan*, 2014 WL 6678959, at *2. Put simply, diversity is complete "only if there is no plaintiff and no defendant who are citizens of the same [s]tate." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) (citation omitted).

"The prerequisites to the exercise of jurisdiction are specifically defined," and as such, "are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor." *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *see also Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969) (stating that the party asserting jurisdiction bears the burden of proving that the prerequisites to jurisdiction are satisfied). Either through a motion to remand, or sua sponte, the district court must remand the case to state court if it appears that subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c). Any doubts as to the validity of

3

removal are resolved in favor of remand.  *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

In light of Plaintiffs' motion to remand, Defendants request that the Court decide the issue of personal jurisdiction before the issue of subject matter jurisdiction. Defendants argue that if the Court decides the issue of personal jurisdiction first and finds that the Pennsylvania and New Jersey Plaintiffs' claims against the non-diverse Defendants fail for lack of personal jurisdiction, the dismissal would result in complete diversity and allow the Court to maintain subject matter jurisdiction.

A district court has discretion in deciding certain threshold issues, such as personal jurisdiction, without a prerequisite finding of subject matter jurisdiction.  When the court has before it "a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject-matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction."  *Ruhrgas*, 526 U.S. at 588.  However, "in most instances subject-matter jurisdiction will involve no arduous inquiry," and "[i]n such cases, both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first."  *Id.* at 587.

Defendants rely heavily on *Locke v. Ethicon, Inc.*, 58 F. Supp. 3d 757 (S.D. Tex. Nov. 10, 2014) to argue that personal jurisdiction should be addressed before subject matter jurisdiction in this case.  Without much discussion of its reasoning, the court in *Locke* decided the question of personal jurisdiction first because it would "lead[] to a more efficient result without offending principles of federalism."  *Id.* at 760.  But courts

4

in this district, confronted with the same Defendants and similar claims as those in this case (involving Risperdal), have found the issue of personal jurisdiction to "require a more fact-intensive inquiry" than the straightforward issue of subject matter jurisdiction. *Morgan*, 2014 WL 6678959, at *2; *see also Butler v. Ortho-McNeil-Janssen Pharm., Inc.*, No. 4:14-CV-1485 RWS, 2014 WL 5025833, at *1 (E.D. Mo. Oct. 8, 2014) (declining "to rule on issues of personal jurisdiction first, as the inquiry regarding subject-matter jurisdiction is not 'arduous'").

After reviewing the filings in this case, including the supplemental authority and responses thereto submitted by the parties, the Court believes that the question of personal jurisdiction requires a much more fact-intensive inquiry than subject matter jurisdiction. As opposed to looking to the face of the pleadings to determine subject matter jurisdiction, the Court may have to determine personal jurisdiction "not by the pleadings alone," but by the affidavits and other exhibits submitted as evidence of personal jurisdiction by the parties in this case. *See Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072-73 (8th Cir. 2004) (citation omitted). The Court declines to engage in such a detailed analysis before ruling on the straightforward issue of subject matter jurisdiction.

Defendants assert that the Court has subject matter jurisdiction and that removal is proper because the diversity-destroying claims in this case have been fraudulently joined. Specifically, Defendants argue that there is no reasonable basis upon which Missouri could impose liability on behalf of the non-diverse Plaintiffs because those Plaintiffs cannot establish personal jurisdiction over Defendants in Missouri. Furthermore,

5

Defendants are quick to point out that their fraudulent joinder theory is different from the fatal fraudulent *mis*joinder theories advanced by the same Defendants in previous Risperdal cases.  *See, e.g.*, *Morgan*, 2014 WL 6678959, at *2-3; *Butler*, 2014 WL 5025833, at *2-3.[1]

Courts have long recognized fraudulent joinder as an exception to the complete diversity rule.  "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal."  *In re Prempro Prod. Liab. Litigation*, 591 F.3d 613, 620 (8th Cir. 2010) (citation omitted).  "However, if there is a 'colorable' cause of action—that is, if the state law *might* impose liability . . . under the facts alleged—then there is no fraudulent joinder."  *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003).  "[T]o establish fraudulent joinder, the defendant must do more than merely prove that the plaintiff's claims should be dismissed pursuant to a Rule 12(b)(6) motion since we do not focus on the artfulness of the plaintiff's pleadings."  *Block v. Toyota Motor Corp.*, 665 F.3d 944, 948 (8th Cir. 2011) (citation omitted).  The

---

[1] The Court need not and does not reach Plaintiffs' argument that Defendants have not established fraudulent misjoinder in this case.  Fraudulent misjoinder "occurs when a plaintiff sues a diverse defendant in state court and joins a *viable claim* involving a non-diverse party, or resident defendant, even though the plaintiff has no procedural basis to join them in the action."  *In re Prempro Prod. Liab. Litigation*, 591 F.3d 613, 620 (8th Cir. 2010) (emphasis added).  Whereas fraudulent joinder occurs when a plaintiff joins a *non-viable* claim against a non-diverse party solely to prevent removal.  *Id.*  Defendants disclaim any reliance on a fraudulent misjoinder theory, and they attack solely the viability—not the procedural basis in joining—the non-diverse claims.  Therefore, the Court need not address the fraudulent misjoinder doctrine.

joinder is fraudulent only if there is no "reasonable basis in fact or law to support a claim against a nondiverse defendant." *In re Prempro*, 591 F.3d at 620 (citation omitted).

Defendants' sole basis for asserting fraudulent joinder is the claim that Missouri lacks personal jurisdiction over it. The Court agrees with Plaintiffs that Defendants' personal jurisdiction argument fails to establish fraudulent joinder.[2]

Although the parties have not cited, and the Court has not found, any Eighth Circuit precedent discussing whether a fraudulent joinder argument may be premised on a theory that a non-diverse plaintiff's claim fails for lack of personal jurisdiction over the defendant, several district courts to consider the issue have held that a purported lack of personal jurisdiction does not establish fraudulent joinder. *See Gracey v. Janssen Pharms., Inc.*, No. 4:15-CV-407 CEJ, 2015 WL 2066242, at *3 (E.D. Mo. May 4, 2015) (rejecting the defendants' attempt, in a case virtually identical to this one, to premise a fraudulent joinder argument on the state court's purported lack of personal jurisdiction); *Simmons v. Sketchers USA, Inc.*, No. 4:15-CV-340-CEJ, 2015 WL 1604859, at *3 (E.D. Mo. Apr. 9, 2015) (remanding action because the "defendants' only argument that the

---

[2] In determining whether to remand, the Court does not rely on Plaintiffs' contention that fraudulent joinder is limited to fraudulent joinder of defendants. "Although fraudulent joinder of a defendant is the more common scenario, other courts have applied a virtually identical test to the questions of whether or not a *plaintiff* has been fraudulently joined." *Foslip Pharm., Inc. v. Metabolife Intern., Inc.*, 92 F. Supp. 2d 891, 903 (N.D. Iowa 2000) (citation omitted). In both cases, the question seems to be whether there is a colorable basis for the non-diverse claim under state law. *Id.* "[U]nder our dual court system a potential plaintiff has a choice between a state forum and a federal forum," and "if he can avoid the federal forum by the device of properly joining a nondiverse defendant or a nondiverse co-plaintiff, he is free to do so." *Iowa Pub. Serv. Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977).

non-Missouri plaintiffs were fraudulently joined is a procedural challenge to personal jurisdiction rather than a substantive challenge to the viability of the claims"); *Liljeberg v. Cont'l Tire The Americas, LLC*, No. 2:11-CV-510-WKW, 2012 WL 602306, at *5 (M.D. Ala. Feb. 24, 2012) (remanding action for lack of subject matter jurisdiction where action "undisputedly" involved a non-diverse party, and the "sole basis" offered by the defendant for fraudulent joinder was "that Alabama state courts lacked personal jurisdiction over it"); *Thompson v. Cottrell, Inc.*, No. 10-124-GPM, 2010 WL 850183, at *3 (S.D. Ill. Mar. 8, 2010) (holding that a lack of personal jurisdiction does not establish fraudulent joinder because it "does not go to the merits of [a plaintiff's] claim against [a defendant] and thus does not show that [the plaintiff] cannot establish a cause of action against the non-diverse [d]efendant"); *YA Global Investments, L.P. v. McKenzie Bay Int'l Ltd.*, No. 09-2107 (JAG), 2010 WL 398379, at *4 (D.N.J. Jan. 27, 2010) (holding that a lack of personal jurisdiction does not establish fraudulent joinder because it does not go to the question of whether "there is [a] colorable basis in law or fact to support [p]laintiff's claims," which is the "proper standard for a fraudulent joinder analysis"); *Burks v. Gen. Motors Corp.*, 297 F. Supp. 2d 889, 890-91 (N.D. Miss. 2003) (remanding action where "sole basis" for fraudulent joinder argument was an alleged lack of personal jurisdiction, and holding that while personal jurisdiction "may" be lacking, the issue should "be determined by a court that has subject matter jurisdiction"); *but see Ross Bros. Constr. Co. v. Sparkman*, No. 3:06-cv-116, 2006 WL 1519362, at *3-4 (S.D. W. Va. May 25, 2006) (addressing fraudulent joinder through a personal jurisdictional analysis in order to determine whether plaintiffs could state a colorable claim against a non-diverse

defendant, but nevertheless finding that "[d]efendants have not shown that there is no possibility that the state may exercise personal jurisdiction over [the non-diverse defendant]").

Personal jurisdiction and subject matter jurisdiction are "separate and distinct" concepts that "serve different purposes." *Liljeberg*, 2012 WL 602306, at *3 (citations omitted); *see also Ruhrgas*, 526 U.S. at 574, 583 (stating "[t]he character of the two jurisdictional bedrocks unquestionably differ[]" in that "subject-matter limitations on federal jurisdiction serve institutional interests," where personal jurisdiction "represents a restriction on judicial power . . . as a matter of individual liberty"). More importantly, the doctrine of fraudulent joinder addresses whether the non-diverse Plaintiffs have a "colorable" cause of action against the Defendants. *Filla*, 336 F.3d at 809. In other words, the fraudulent joinder doctrine requires the court to consider the merits of a plaintiff's cause of action under state law. A personal jurisdiction challenge does not go to the merits of a plaintiff's claim under state law, but to the state court's ability to proceed to the merits. *See Ruhrgas*, 526 U.S. at 574, 583 (noting petitioner-defendant "relie[d] on the constitutional safeguards of [personal jurisdiction] to stop the court from proceeding to the merits of the case"); *In re LimitNone, LLC*, 551 F.3d 572, 577 (7th Cir. 2008) (characterizing a personal jurisdiction analysis as a "nonmerits threshold question"); *Fernandez Neto v. Richmond*, No. 94 C 3846, 1994 WL 322959, at *1 (N.D. Ill. June 28, 1994) (noting that personal jurisdiction is a "non-merits" question).

Since Defendants' theory of fraudulent joinder fails to attack the merits of the non-diverse Plaintiffs' claims, Defendants have failed to establish that there is no reasonable

basis in fact or law supporting these claims.  Therefore, Defendants' have failed to satisfy their burden to establish fraudulent joinder, and the Court must remand this matter for lack of subject matter jurisdiction and leave to the state court the question of personal jurisdiction.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to remand is **GRANTED**. (Doc. No. 12.)

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of the City of St. Louis, Missouri, in which it was filed.

**IT IS FURTHER ORDERED** that all pending motions in this case are **DENIED without prejudice** to refiling in state court, as applicable.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 7th day of July, 2015.